# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BARBARA MAJOR,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-12-JEM<br>) |
| STATE OF INDIANA and INDIANA<br>DEPARTMENT OF CORRECTIONS,<br>        Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion for Partial Judgment on the Pleadings [DE 19], filed by Defendants on September 21, 2017. Plaintiff has not filed a response and the time to do so has passed.

## I.     Background

On January 25, 2016, Plaintiff filed a Charge of Discrimination with the EEOC against Westville Correctional Center, and filed a Complaint of Discrimination on March 14, 2016. On October 12, 2016, the EEOC issued a Notice of Right to Sue. On January 12, 2017, Plaintiff filed her Complaint alleging discrimination on the basis of sex, race, and sexual orientation, as well as retaliation, under Title VII of the Civil Rights Act of 1964, as amended.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.    Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule

12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

### III. Analysis

Defendants argue that Plaintiff's race discrimination claim is barred for failure to exhaust her administrative remedies because she failed to file a charge of race discrimination with the EEOC.

"A plaintiff must file a timely charge with the EEOC encompassing the acts complained of as a prerequisite to filing suit in federal court." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Requiring a plaintiff to first file with the EEOC "serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. DOT*, 344 F.3d 720, 726 (7th Cir. 2003)(citations omitted). Accordingly, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Claims

not included in the charge can still be brought "if they are 'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976)).

The documents Plaintiff provided to the EEOC indicate that she believed she had been discriminated against on the basis of sex and retaliation.[1] They note that she is African-American, but state that she "was the victim of sexual Harassment" and that she "truly believe[s] that [her] sexual orientation is the only reason [she] was terminated." The mere fact that Plaintiff's EEOC charge mentions her race is insufficient to give notice of a race discrimination claim, nor do the documents give any indication that a race discrimination claim would grow out of an investigation of sex discrimination. Plaintiff failed to file a charge of race discrimination with the EEOC. Therefore, Defendants are entitled to judgment on Plaintiff's race discrimination claims.

Defendants also requests that the Court dismiss Plaintiff's claims for punitive damages. Title VII provides that a plaintiff "may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)." 42 U.S.C.A. § 1981a(b)(1). Defendants are governmental agencies, so any request for punitive damages must be dismissed. *See Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997); *Bowman v. Ill. Dep't of Corr.*, No. 03 C 7420, 2004 WL 406772, at *3 (N.D. Ill. Feb. 27, 2004).

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Partial Judgment on

---

[1] Although Plaintiff did not attach a copy of her EEOC Charge to the Complaint, it is referred to therein, and Defendants have attached it to the instant Motion. *See Adams v. City of Indianapolis*, 742 F. 3d 720, 729 (7th Cir. 2014) (declining to convert a motion for judgment on the pleadings to a motion for summary judgment when EEOC charges were attached, since they were referred to in the complaint and therefore part of the pleadings).

the Pleadings [DE 19] and **ORDERS** that judgment is granted in favor of Defendants only on Plaintiff's claims for racial discrimination and punitive damages.

    SO ORDERED this 23rd day of October, 2017.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:    All counsel of record