UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA MAJOR, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF INDIANA and INDIANA )<br>DEPARTMENT OF CORRECTIONS, )<br>    Defendants. ) | CAUSE NO.: 2:17-CV-12-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 27], filed June 14, 2018. For the following reasons, the motion is granted.

**I.    Procedural Background**

On January 12, 2017, Plaintiff Barbara Major filed a Complaint alleging that she was discriminated against on the basis of her sex, race, and sexual orientation, and suffered retaliation, based on her treatment during her employment and her termination from employment at Indiana Department of Corrections, in violation of Title VII of the Civil Rights Act of 1964, as amended. On October 23, 2017, Defendants' Motion for Partial Judgment on the Pleadings was granted as to Plaintiff's claims of racial discrimination and punitive damages. The remaining claims are that Plaintiff faced a hostile work environment and harassment based on her sex and sexual orientation and was retaliated against through suspension and termination when she complained of the harassing conduct.

On June 14, 2018, Defendants filed the instant Motion for Summary Judgment requesting that the Court enter summary judgment on all remaining claims. Plaintiff has not filed a response, and the time to do so has passed. On July 26, 2018, Defendants filed a reply noting the lack of

response, although noting that a purported response had been emailed to them by counsel for Plaintiff, and requesting summary ruling on the Motion.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that

is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id*. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with

'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III. Material Facts

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file a "'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Defendant has submitted a Statement of Material Facts, along with appropriate citations to supporting evidence. Plaintiff has not submitted a response brief, much less a Statement of Genuine Disputes; therefore, the facts referred to below, as asserted by Defendant, are considered to exist without controversy for the purposes of this Motion for Summary Judgment. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual

statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Plaintiff was employed as a correctional officer at the Westville Correctional Facility from March 1, 2013, until she was dismissed on January 23, 2016. On November 5, 2015, Plaintiff filed a complaint against another correctional officer alleging that Watson, the other officer, questioned Plaintiff about Plaintiff's sexual orientation, asking her whether she was a "part-time lesbian" and whether she played the role of a female or male in her relationships. The Human Resources Department ("HR") investigated the allegations and was unable to substantiate them, but moved the other officer to another work assignment. During the course of this investigation, Plaintiff told HR that she and a male employee engaged in a consensual relationship in which he paid her for sexual acts. HR then investigated the report, ultimately determining that the male employee's behavior did not violate the workplace harassment prevention policy because Plaintiff did not receive employment-related benefits in exchange for the sexual acts, the behavior was consensual, and the other employee was not her supervisor. It also determined that both employees exhibited conduct that violated the professional standards required of them, and both Plaintiff and the male employee were terminated from employment on January 22, 2016.

## IV. Analysis

The Local Rules provide that responses to motions for summary judgement *must* be filed "within 28 days after the movant serves the motion," N.D. Ind. L.R. 56-1(b), and "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas*

*v. United States*, 317 F.3d 751, 752 (7th Cir. 2003). In fact, a trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Waldridge*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

In turn, Rule 56(e) states that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e)(2). The Rule further states that summary judgment, if appropriate, should be entered against a party who fails to respond as provided in the Rule. *Id*. Thus, summary judgment is appropriate if the non-movant does not respond and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994).

Defendant moves for summary judgment on Plaintiff's claims of discrimination under Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination "against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). On a motion for summary judgment, a plaintiff may demonstrate a genuine issue for trial by demonstrating that "the evidence would permit a reasonable factfinder to conclude that the plaintiff's . . . sex . . . or other proscribed factor caused the discharge or other adverse employment action. Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see also Chaib v. Geo Grp., Inc.*, 819 F.3d 337, 341 (7th Cir. 2016). Accordingly, "the sole question that matters" is "[w]hether a reasonable juror could conclude that" the plaintiff would not have suffered the adverse

employment action if she had a different sex or age, "and everything else had remained the same." *Ortiz*, 834 F.3d at 764 (citing *Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734 (7th Cir. 1994)). A plaintiff may also make a case for going to trial under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018). ("[T]he well-known and oft-used McDonnell Douglas framework for evaluating discrimination remains an efficient way to organize, present, and assess evidence in discrimination cases."); *Egonmwan v. Cook Cty. Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010). Thus, at the summary judgment stage in this case, the proper question before the Court is whether the evidence would permit a reasonable factfinder to conclude that Plaintiff's sex caused the adverse employment action. *Ortiz*, 834 F.3d at 765. The burden is on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

### A. Time-Barred Claims

First, Defendants argue that some of Plaintiff's claims are time-barred because they occurred more than 300 days before she filed her EEOC charge. In order to bring a Title VII claim, "[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter. In addition, claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). For a Title VII plaintiff in Indiana, "the applicable limitations period is 300 days" and "begins to run when 'the alleged unlawful employment practice occurred.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 729–30 (7th Cir. 2014) (quoting 42 U.S.C. § 2000e–5(e)(1)). Plaintiff filed her initial EEOC charge for discrimination

on January 25, 2016, so any instances of discrimination that occurred before March 31, 2015, are therefore barred.

B.  Hostile Work Environment

Next, Defendants argue that Plaintiff was not subjected to a hostile work environment. "Title VII prohibits the creation of a hostile work environment. . . . In order to prevail on such a claim, a plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Chaib v. Indiana*, 744 F.3d 974, 985 (7th Cir. 2014) (internal quotation marks and citations omitted). To make this determination on summary judgment, courts consider "the surrounding circumstances, including whether the discriminatory conduct was frequent or severe; whether the conduct was physically threatening or humiliating; and whether the conduct unreasonably interfered with her work performance. . . . Title VII is not a general code of workplace civility, nor does it mandate 'admirable behavior' from employers." *McKenzie v. Milwaukee Cnty.*, 381 F.3d 619, 624 (7th Cir. 2004) (citing *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 693 (7th Cir. 2001). Therefore, a claim for a hostile work environment "requires proof of four elements: (1) the plaintiff's workplace was both subjectively and objectively offensive; (2) the plaintiff's sex was the cause of the harassment; (3) the harassment was severe or pervasive; and (4) there is a basis for employer liability." *Lord v. High Voltage Software, Inc.*, 839 F.3d 556, 561 (7th Cir. 2016).

In this case, Plaintiff filed a complaint about statements allegedly made by Watson that related to Plaintiff's sex or sexual orientation. After she made the complaint, HR initiated an investigation into the allegations, and, although the allegations could not be substantiated, they moved Watson to another work assignment so she would not work with Plaintiff. These statements

from a single coworker, as pled in Plaintiff's Complaint, are insufficient to create a hostile work environment. The Supreme Court has emphasized that "in order to be actionable under the statute, a[n] . . . objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so," and therefore "directed courts to determine whether an environment is sufficiently hostile or abusive by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forlkift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). To that end, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id*. at 788 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 82 (1998)) (quotation marks omitted). Instead, "conduct must be extreme to amount to a change in the terms and conditions of employment." *Id*; *see also McKenzie*, 381 F.3d at 624 ("To establish a claim of hostile work environment, [a plaintiff] must show that she was subjected to harassment so severe or pervasive that it altered the conditions of her employment" and " demonstrate that her workplace was both subjectively and objectively hostile.") (citations omitted).

The allegations that Plaintiff was repeatedly approached by a supervisor and offered money in exchange for sexual acts are more severe and pervasive than the comments by Watson, but Defendants have produced facts demonstrating that as soon as they became aware of both allegations, HR investigated the behaviors, and Plaintiff has not put forth any evidence or even argument that the response was inadequate. An "employer can avoid liability for its employees'

9

harassment if it takes prompt and appropriate corrective action reasonably likely to prevent the harassment from recurring." *Cerros v. Steel Techs., Inc.*, 398 F.3d 944, 954 (7th Cir. 2005) (quoting *Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1029 (7th Cir.2004). The Seventh Circuit Court of Appeals "recognize[s] prompt investigation of the alleged misconduct as a hallmark of reasonable corrective action." *Id.* (listing cases). In this case, corrective action was immediately taken after Plaintiff complained about the comment based on her sexual orientation, even though it was unsubstantiated, and an investigation into the requested exchange of sexual acts for money was opened as soon as HR became aware of the allegation.

The comments by Watson do not rise to the level of creating a hostile work environment, and Plaintiff has not put forth any evidence to counter HR's conclusions that the sexual relationship with the coworker was consensual and that the coworker was not Plaintiff's supervisor. Nor has she argued that her employer's response upon becoming aware of her complaints was inadequate. Accordingly, Defendants are entitled to judgment on Plaintiff's claims of hostile work environment.

    C.    <u>Sex Discrimination</u>

Plaintiff also alleges discrimination on the basis of sex and sexual orientation. In order to make a successful claim for discrimination pursuant to the burden-shifting *McDonnell Douglas* framework, a Title VII plaintiff must first "establish[] that (1) [s]he is a member of a protected class; (2) [s]he was meeting [her] employer's legitimate performance expectations; (3) [s]he was subjected to an adverse employment action; and (4) similarly situated employees outside of [her] protected class were treated more favorably by the employer." *Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 547-48 (7th Cir. 2017) (citing *McDonnell Douglas*, 411 U.S. 792 ) (other citations omitted); Once the plaintiff has established this prima facie case, it "creates a presumption of discrimination, and

10

the 'burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason' for its employment decision." *McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 807 (7th Cir. 2017) (quoting *McDonnell Douglas*, 411 U.S. at 802). Then "the burden shifts back to the plaintiff, who must present evidence that the stated reason is a 'pretext,' which in turn permits an inference of unlawful discrimination." *Id.*, quoting *Coleman v. Donahoe*, 667 F.3d 835, 845 (7th Cir. 2012).

In its summary judgment analysis, the Court must consider whether the adverse employment action was a result of Plaintiff's sex or other protected characteristic, so the relevant question is whether she would have been treated differently if she had been a man. *Ortiz*, 834 F.3d at 764-65. There is no dispute in this case that Plaintiff belongs to a protected class by virtue of her gender and that her employment was terminated, an adverse employment action. However, Defendants assert that Plaintiff was not meeting legitimate performance expectations. Plaintiff and another worker engaged in sexual activity for which the other employee gave Plaintiff money. During the investigation that HR performed, it determined that Plaintiff was not receiving any employment-related benefits for the sexual activity, that the conduct was not unwelcome, and that the other party was not her supervisor, and both parties were then terminated form their employment. Defendants argue that Plaintiff cannot show satisfactory job performance, and both Plaintiff and the male accused of the same conduct were terminated, so she was treated in the same manner as a similarly-situated employee outside of her protected class. Because Plaintiff has not put forth any evidence to demonstrate that she was discriminated against on the basis of her gender or sexual orientation, she cannot succeed on her claim and Defendants are entitled to judgment.

Defendants argue that they are also entitled to judgment on Plaintiff's claim for retaliation. "To establish retaliation under the direct method, a plaintiff must present evidence, direct or circumstantial, showing that: (1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered a materially adverse action; and (3) a causal connection exists between the two." *Harper v. C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012) (citing *Burks v. Wisc. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir.2006)). The causal connection is demonstrated "by showing that the defendant 'would not have taken the adverse ... action but for [her] protected activity,'" and "[i]f a plaintiff can assemble from various scraps of circumstantial evidence enough to allow the trier of fact to conclude that it is more likely than not that discrimination lay behind the adverse action, then summary judgment for the defendant is not appropriate." *Baines v. Walgreen Co.*, 863 F.3d 656, 661-62 (7th Cir. 2017) (quoting *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015); *Morgan v. SVT, LLC*, 724 F.3d 990, 996 (7th Cir. 2013)).

Plaintiff alleges that she engaged in statutorily protected activity when she complained about the statements made to her by Watson and that Defendants retaliated against her by opening a second investigation into the sexual relationship between her and the coworker and ultimately firing her. Defendants assert that Plaintiff told HR about the relationship during the initial investigation, and that they were then obligated to investigate it, as it violated the ethical requirements of the position. Even assuming that the second investigation was a materially adverse employment action, since Plaintiff has not rebutted Defendants' assertions regarding how they learned of her sexual relationship with her coworker and why they opened the second investigation, she cannot demonstrate that second investigation was initiated because of the statutorily protected activity.

For the foregoing reasons, Defendants are entitled to summary judgment on all of Plaintiff's remaining claims against them.

## V. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion for Summary Judgment [DE 27] and **DIRECTS** the Clerk of Court to enter judgment in favor of Defendants State of Indiana and Indiana Department of Corrections and against Plaintiff Barbara Major as to all the claims in her Complaint.

So ORDERED this 7th day of November, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record