# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA MAJOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-12-JEM |
| | ) | |
| STATE OF INDIANA and INDIANA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration [DE 36], filed by Plaintiff on January 22, 2019. Defendants filed a response on January 29, 2019. Plaintiff has not filed a reply, and the time to do so has passed.

**I.**　**Procedural Background**

On January 12, 2017, Plaintiff Barbara Major filed a Complaint alleging that she was discriminated against on the basis of her sex, race, and sexual orientation, and suffered retaliation, based on her treatment during her employment and her termination from employment at Indiana Department of Corrections, in violation of Title VII of the Civil Rights Act of 1964, as amended. On October 23, 2017, Defendants' motion for partial judgment on the pleadings was granted as to Plaintiff's claims of racial discrimination and punitive damages. Defendants filed a motion for summary judgment on June 14, 2018, on the remaining claims that Plaintiff faced a hostile work environment and harassment based on her sex and sexual orientation and was retaliated against through suspension and termination when she complained of the harassing conduct. Plaintiff did not file a response within the time allotted to do so. On July 26, 2018, Defendants filed a reply noting the lack of response, although noting that a purported response had been emailed to them by counsel

for Plaintiff, and requesting summary ruling on the motion. The Court's docket reflects that notice of the reply brief was electronically served on the email address provided by counsel for Plaintiff. On November 7, 2018, the Court issued an Opinion and Order granting summary judgment in favor of Defendants. The docket reflects that this document and the Clerk's Entry of Judgment were also electronically served on Plaintiff. More than two months later, Plaintiff filed the instant Motion for Reconsideration.

## II. Standard of Review

Federal Rule of Civil Procedure 60 provides for relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v.*

2

*Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

## III. Analysis

Plaintiff argues that the Order granting Defendants' motion for summary judgment should be set aside because counsel for Plaintiff did not realize that the response brief was never docketed with the Court. Counsel for Plaintiff explains that he emailed a copy of the response to counsel for Defendant within the response deadline and thought that he had placed a copy on the docket, and that he did not realize that no response was filed until Plaintiff herself informed him that judgment had been entered against her, several months after the Court's Opinion issued. He represents that he did not receive email notification of the reply brief filed by Defendants or of the Court's Opinion and Order. Defendants argue that it was the responsibility of counsel for Plaintiff to pay attention to the docket and to ensure that his appearance was properly on file with the Court, including an accurate email address.

The CM/ECF User Manual clearly lays out the requirements and procedures for electronic filing in this district. It requires attorneys to register for the CM/ECF system, and explains that by registering, "the attorney agrees to accept service of notice on behalf of the client of the electronic filings served via the CM/ECF system." N.D. Ind. CM/ECF Civil & Crim. User Manual p. 1 ¶¶ I(B)(1), (3). The system automatically ensures that the email address originally entered is accurate. *Id.* ¶ I(B)(2) ("Each attorney registering for the System will receive an internet e-mail message after

3

the application process is completed. This is to insure that the attorney's internet e-mail address has been entered correctly in the System. After the e-mail address has been confirmed, a separate internet e-mail message will be sent indicating that the registration has been approved."). After initial registration, "[a]ttorneys are responsible for notifying the court when their name, mailing address or e-mail address changes, by filing in CM/ECF a Notice of Change of Address/Information in each pending case before this court." *Id.* at p.2, ¶ I(B)(4).

In order to file the instant case, counsel for Plaintiff had to register for electronic filing and agree to accept service electronically. In order to do so, he had to enter an accurate email address, confirm its accuracy, and thereafter was responsible for updating any change in the email address on file. Service of the response brief, as well as any other documents filed in the case, was only complete "when a 'Notice of Electronic Filing' is transmitted to that person through the court's electronic filing system," N.D. Ind. L.R. 5-1, so Plaintiff's email including a copy of the response brief was insufficient to serve Defendants, and there is no argument that the brief was ever received by the Court. *See also* Fed. R. Civ. P. 5. Counsel for Plaintiff was apparently aware that the motion for summary judgment had been filed and of the response deadline, and had access to the Court's docket to check what had been filed in the case even if he did not receive an email with every docket entry. He was responsible for making sure he was receiving notice of filings in this case and for making sure his documents were properly filed, as well as prosecuting the case on behalf of his client; that he did not do so is not reason for the Court to reconsider its grant of summary judgment. *United States v. Miller*, 661 F. App'x 445, 448 (7th Cir. 2016) ("Moreover, given that [the defendant] knew about the passage of several months since the first deadline for his summary-judgment response and his Rule 56(d) motion, the district court did not abuse its discretion

4

in concluding that [he] had received notice—or should have been on notice—of the order . . .") (listing cases); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 (4th Cir. 2010) ("We can hardly say that the district court abused its discretion in declining to vacate its judgment to prevent 'manifest injustice' given that Appellant's failure to receive notice of the motion resulted from his counsel's conscious choice not to take any action with respect to his computer troubles. . . . [when] Appellant's counsel knew full well that the deadline for dispositive motions was pending."); *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705–06 (7th Cir. 2007) ("If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error.") (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 396–97 (1993); *United States v. 7108 West Grand Ave.*, 15 F.3d 632 (7th Cir.1994)); *Peters v. Wal-Mart*, 876 F. Supp. 2d 1025, 1040 (N.D. Ind. 2012), *aff'd sub nom. Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622 (7th Cir. 2013) ("Plaintiff's citation to 'technical problems' as justification for the delay is similarly unsatisfactory. Numerous courts have held that issues with technology are insufficient to forgive an untimely filing.") (listing cases).

The Court does not find that the failure of counsel for Plaintiff to comply with the requirements of electronic filing, or, apparently, to even check the docket when he realized that the deadline for a reply brief was approaching is excusable neglect justifying reconsideration of the Court's Order months after it issued, and the case will not be reopened.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion for Reconsideration [DE 36] and will not disturb the judgment entered in favor of Defendants State of Indiana and Indiana Department of Corrections and against Plaintiff Barbara Major as to all the claims in her Complaint.

5

So ORDERED this 29th day of April, 2019.

                                                   s/ John E. Martin
                                                   MAGISTRATE JUDGE JOHN E. MARTIN
                                                   UNITED STATES DISTRICT COURT

cc:     All counsel of record