# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| BARBARA MAJOR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-12-JEM |
| | ) | |
| STATE OF INDIANA and INDIANA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Reconsider Final Order [DE 39], filed May 26, 2019. Defendants filed a response on May 30, 2019. Plaintiff has not filed a reply, and the time to do so has passed.

**I.**     **Procedural Background**

On January 12, 2017, Plaintiff Barbara Major filed a Complaint alleging that she was discriminated against on the basis of her sex, race, and sexual orientation, and suffered retaliation, based on her treatment during her employment and her termination from employment at Indiana Department of Corrections, in violation of Title VII of the Civil Rights Act of 1964, as amended. On October 23, 2017, Defendants' motion for partial judgment on the pleadings was granted as to Plaintiff's claims of racial discrimination and punitive damages. Defendants filed a motion for summary judgment on June 14, 2018, on the remaining claims that Plaintiff faced a hostile work environment and harassment based on her sex and sexual orientation and was retaliated against through suspension and termination when she complained of the harassing conduct. Plaintiff did not file a response within the time allotted to do so. On July 26, 2018, Defendants filed a reply noting the lack of response, although noting that a purported response had been emailed to them by counsel

for Plaintiff, and requesting summary ruling on the motion. The Court's docket reflects that notice of the reply brief was electronically served on the email address provided by counsel for Plaintiff. On November 7, 2018, the Court issued an Opinion and Order granting summary judgment in favor of Defendants. The docket reflects that this document and the Clerk's Entry of Judgment were also electronically served on Plaintiff. On January 22, 2019, Plaintiff filed a Motion for Reconsideration, arguing that the order granting summary judgment should be set aside because counsel for Plaintiff did not realize that the response brief was never docketed with the Court. On April 29, 2019, the Court entered an Opinion and Order denying the motion to reconsider. Plaintiff now seeks to have that order reconsidered.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

As the Court explained in its previous Opinion an Order, a motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese*

*Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

### III.    Analysis

Plaintiff argues that the Court misunderstood the argument in the first Motion for Reconsideration. In the instant Motion, Counsel for Plaintiff asserts that "counsel was not aware that the response he had sent a copy to the Defendant's counsel had not been accepted and shown as electronically filed on the court's system" and that "he believed it had been received and accepted by the court." In the Court's Opinion, it characterized Plaintiff's previous argument as: "Plaintiff argues that the Order granting Defendants' motion for summary judgment should be set aside because counsel for Plaintiff did not realize that the response brief was never docketed with the Court," and that counsel for Plaintiff "emailed a copy of the response to counsel for Defendant within the response deadline and thought that he had placed a copy on the docket, and . . . did not realize that no response was filed" on the Court docket. It is not apparent to the Court how there is any material difference between these statements, nor that the Court in any way misunderstood Plaintiff.

As the Court previously explained, service of briefs is only complete "when a 'Notice of Electronic Filing' is transmitted to that person through the court's electronic filing system," N.D. Ind. L.R. 5-1, so Plaintiff's email including a copy of the response brief was insufficient to serve Defendants, and there is no argument that the brief was ever received by the Court or placed on the docket. *See also* Fed. R. Civ. P. 5. Counsel for Plaintiff argues that "he believed [the document] had

3

been received and accepted by the Court," and that his failure to file or notice that summary judgment had been granted was excusable neglect. However, the Court did not misunderstand what counsel for Plaintiff believed. As previously stated, counsel for Plaintiff was apparently aware that the motion for summary judgment had been filed and of the response deadline, and, even if he did not receive some emails with notices of filing, counsel for Plaintiff had access to the Court's docket to check what had been filed in the case. He was responsible for making sure he was receiving notice of filings in this case and for making sure his documents were properly filed, as well as prosecuting the case on behalf of his client; that he did not do so is still not reason for the Court to reconsider its grant of summary judgment. *United States v. Miller*, 661 F. App'x 445, 448 (7th Cir. 2016) ("Moreover, given that [the defendant] knew about the passage of several months since the first deadline for his summary-judgment response and his Rule 56(d) motion, the district court did not abuse its discretion in concluding that [he] had received notice—or should have been on notice—of the order . . .") (listing cases); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 (4th Cir. 2010) ("We can hardly say that the district court abused its discretion in declining to vacate its judgment to prevent 'manifest injustice' given that Appellant's failure to receive notice of the motion resulted from his counsel's conscious choice not to take any action with respect to his computer troubles. . . . [when] Appellant's counsel knew full well that the deadline for dispositive motions was pending."); *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705–06 (7th Cir. 2007) ("If counsel blundered to his client's prejudice, the remedy is malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error.") (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 396–97 (1993); *United States v. 7108 West Grand Ave.*, 15 F.3d 632 (7th Cir.1994)); *Peters v. Wal-Mart*, 876 F. Supp. 2d 1025,

1040 (N.D. Ind. 2012), *aff'd sub nom. Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622 (7th Cir. 2013) ("Plaintiff's citation to 'technical problems' as justification for the delay is similarly unsatisfactory. Numerous courts have held that issues with technology are insufficient to forgive an untimely filing.") (listing cases).

The Court did not misunderstand Plaintiff's arguments, and no new facts or law have come to light that change the earlier analysis. There is no reason to reconsider the Court's finding that the failure of counsel for Plaintiff to comply with the requirements of electronic filing and failure to check the docket when he realized that the deadline for a reply brief was approaching does not justify reconsideration of the Court's Order months after it issued.

### IV.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Reconsider Final Order [DE 39], and will not reconsider its decision on Plaintiff's Motion for Reconsideration.

So ORDERED this 14th day of June, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record